# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:17-cr-125

                                            District Judge Thomas M. Rose
- vs -                          Magistrate Judge Michael R. Merz

JOSE ALFREDO-JIMENEZ-CRUZ,

                Defendant.      :

## ORDER TO SUPPLEMENT MOTION AS TO GROUND ONE; REPORT AND RECOMMENDATIONS AS TO GROUND TWO

This criminal case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255. Pursuant to the Court's General Order of Assignment and Reference (DAY 13-01), the Motion has been referred to the undersigned for initial consideration and eventual report to Judge Rose for disposition.

The docket in this case shows that Magistrate Judge Sharon Ovington issued an arrest warrant for Defendant on June 9, 2017, on the charge of distributing a mixture or substance containing a detectable amount of heroin (ECF No. 2). After Defendant's initial appearance and appointment of counsel, Magistrate Judge Michael Newman ordered Defendant detained without bond pending trial (ECF No. 10). Defendant waived indictment and agreed to plead guilty pursuant to a Plea Agreement which was filed October 11, 2017 (ECF Nos. 22, 25). On the same

1

date, he appeared before District Judge Thomas Rose and pleaded guilty to Count 1 of the Information which charged that he distributed fentanyl on or about February 3, 2017 (ECF No. 19). Judge Rose referred the Defendant to the Probation Department which prepared and furnished the parties with a presentence investigation report ("PSR"). On January 19, 2018, Judge Rose accepted the guilty plea and sentenced Defendant to twenty-four months imprisonment, three years of supervised release, and a $100 special assessment for the victims of crime (Minutes, ECF No. 29; Judgment, ECF No. 32). The instant Motion followed.

Jimenez pleads two grounds for relief:

> **Ground One:** Was counsel constitutionally ineffective for failure to file a notice of appeal as requested by Petitioner?
>
> **Supporting Facts:** Movant asserts that attorney of record failed to file his notice of appeal as instructed by Movant. This is why Movant is asking, among other things, that he be allowed to file a belated appeal to the Sixth Circuit Court of Appeals Movant is also requesting this Honorable Court to assign a New Counsel, as required by Rule 44(A), (3006A), (CJA).
>
> **Ground Two:** Was Defendant's sentence substantially reasonable in light of the totality of circumstances of Title 18 U.S.C. § 3553(a)?
>
> **Supporting Facts:** Movant asserts that he suffered ineffective assistance of counsel when his attorney of record failed to invoke several U.S.S.G. Statutes [sic] and 3553(a) factors. Benefits that apply to Movant in this present case such as Statutes [sic] 5K2.0 and 5H1.6 family ties Title 18 U.S.C. § 3553(a) factors that benefit Movant in this case. Movant contends that if attorney would had [sic] invoked this U.S.S.G. Statutes and 3553(a) factors, the result would had [sic] been different. But since attorney failure to invoke the statutes in a properly [sic] way, Movant was prejudiced by this inefficiency and suffered Miscarriage of Justice.

(Motion, ECF No. 33, PageID 102-03.)

# Analysis

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); 563 F.3d 240, 250 (6th Cir. 2009). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), *citing Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*).

Jimenez's § 2255 Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Both of Jimenez's Grounds for Relief allege he suffered ineffective assistance of trial counsel. The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that,

> but for counsel's unprofessional errors, the result of the proceeding
> would have been different. A reasonable probability is a probability
> sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

Both Grounds for Relief must be measured against this standard.

**Ground One: Ineffective Assistance of Trial Counsel for Failure to File Notice of Appeal**

In his First Ground for Relief, Jimenez asserts that he instructed his trial attorney, Assistant Federal Defender Thomas Anderson, to file a notice of appeal on his behalf to the Sixth Circuit Court of Appeals. He asserts

> The reasons why Movant requested to file a direct appeal was
> because Movant is fixing his immigration status and Attorney
> failed by advicing [sic] Movant if he pleaded guilty could bring a
> deleterious damage to his immigration case.

(Motion, ECF No. 33-1, PageID 112.)

Failure to file a notice of appeal on request is ineffective assistance without any showing of prejudice. *Ludwig v. United States,* 162 F.3d 456 (6th Cir. 1998); *United States v. Peak*, 992 F.2d 39 (4th Cir. 1993); *United States v. Tajeddini*, 945 F.2d 458 (1st Cir. 1991); *Estes v. United States,* 883 F.2d 645 (8th Cir. 1989); *Lozada v. Deeds*, 964 F.2d 956 (9th Cir. 1992); *Abels v. Kaiser*, 913 F.2d 821 (10th Cir. 1990). The Sixth Circuit also held "We emphasize, of course, that a defendant's actual "request" is still a crucial element in the Sixth Amendment analysis. The Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel

disregards the request." *Ludwig*, 162 F.3d at 459. In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), the Court rejected a *per se* rule which would require an attorney to file a notice of appeal regardless of whether the client asks. The Court held counsel must consult with the client about the advantages and disadvantages of taking an appeal when there is reason to think that a rational defendant would want to appeal or this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *See also Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004).

As the Magistrate Judge understands the Motion, Ground One simply asserts that Jimenez asked Anderson to file a notice of appeal and Anderson failed to do so. The docket reflects that no such notice was filed.

A defendant in a federal criminal case may waive his right to appeal so long as the waiver is valid. *United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012); *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012); *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006).*United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004); *United States v. Fleming,* 239 F.3d 761, 763-64 (6th Cir. 2001). Only challenges to the waiver itself will be entertained on appeal. *United States v. Toth*, 668 F.3d 374 (6th Cir. 2012). The Plea Agreement in this case contains an express waiver of the right to appeal (ECF No. 25, ¶ 9, PageID 64). Thus if Jimenez were granted relief from judgment and took an appeal, the only issue he could raise would be whether his waiver of appeal was knowing, intelligent, and voluntary.

Jimenez's statement that he did not understand the impact of a guilty plea on his immigration status is belied by ¶ 5 of the Plea Agreement which reads:

> **5. Immigration Consequences (Padilla Waiver):** Defendant understands that if he is not a United States citizen, his guilty plea and conviction may have consequences for his immigration status, including removal from the United States, denial of citizenship, and denial of admission to the United States in the future. Defendant affirms that he wants to plead guilty, regardless of any immigration

> consequences that his plea may entail, even if this guilty plea means
> that his removal from the United States will be a virtual certainty
> under immigration law.

In its present form, Jimenez's claim is in completely conclusory form. While he alleges that he told Anderson to file a notice of appeal, he does not allege any of the circumstances. Before the Motion can proceed to an evidentiary hearing, Jimenez is ORDERED to file, not later than May 15, 2018, a sworn affidavit that sets forth all the facts he alleges about his instructions to Anderson. For example, he must detail where and when the instructions occurred, whether they were in person or over the telephone, how many times they occurred, and so forth.

Jimenez's First Ground for Relief depends on a communication between himself and Mr. Anderson which would ordinarily be protected by attorney-client privilege. A claim of ineffective assistance of counsel, however, impliedly waives the privilege as to any attorney-client communications relevant to any such claim. *In re Lott*, 424 F.3d 446 (6th Cir. 2005); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *Randall v. United States,* 314 F.2d 800 (10th Cir. 1963); *United States v. Ballard*, 779 F.2d 287 (5th Cir. 1986); *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *Crutchfield v. Wainwright*, 803 F.2d 1103 (11th Cir. 1986). The Court finds that Defendant has waived the attorney-client communication privilege for any communications relevant to his claims made in the § 2255 Motion.

**Ground Two: Sentence Substantially[1] Unreasonable**

In his Second Ground for Relief, Jimenez asserts that if his attorney had cited certain other portions of the Sentencing Guidelines and factors for sentencing under 18 U.S.C. § 3553(a), his sentence would have been less.

The PSR shows that the Probation Department extensively considered Jimenez's family ties (PSR ¶¶ 41-49) and thus those facts were available to Judge Rose when he sentenced the Defendant. Jimenez claims that his children suffer from a number of medical and psychological conditions, but he has not submitted any of their medical records which he claims would have made a difference if his attorney had presented them.

Jimenez's Second Ground for Relief does not raise a claim under the Constitution. Nonconstitutional claims not raised at trial are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996).

Most importantly, and completely contrary to Jimenez's claim that his sentence is substantially[2] unreasonable, is the fact that Judge Rose imposed a sentence to which Jimenez agreed in the Plea Agreement. ¶ 6 of the Agreement reads in pertinent part:

> Pursuant to Rule 11 (c)(l)(C) of the Federal Rules of Criminal Procedure, the parties agree that an appropriate disposition of this case ("Agreed Sentence") is that the Court impose a term of 24 months imprisonment; a term of three years of supervised release, subject to all mandatory conditions that the Court must impose and to whatever discretionary conditions the Court may impose; a fine,

---

[1] Review of sentences is for "substantive" unreasonableness, not "substantial" unreasonableness.
[2] The Magistrate Judge assumes the Defendant intends to claim that his sentence is "substantively" unreasonable.

>    if any, to be determined by the Court; and a $100 mandatory special assessment..

(ECF No. 25, PageID 63.) That is, Jimenez already agreed that a sentence of twenty-four months was an "appropriate disposition" of the case and therefore substantively reasonable.

This agreement is confirmed by the plea colloquy (Transcript, ECF No. 34).

> THE COURT: Let 's talk about the final area of disposition, and that is your 11(c)(1)(C) provision. The 11(c)(1)(C) provision provides the opportunity for you and the government to propose to the Court what you believe an appropriate disposition is. The Court may, after considering the factors of sentencing, accept or reject your proposal. If the Court accepts your proposal, I would sentence you in accordance with it. If the Court cannot accept your proposal, the Court would afford you the opportunity to withdraw this plea of guilty before it would impose or proceed with imposing any term of incarceration.
>
> Do you understand that is generally how the 11(c)(1)(C) works
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you also understand that in your case, in your Plea Agreement, it is my understanding that the terms of your proposal are a sentence of 24 months, followed by a term of three years of supervised release that would be subject to all mandatory conditions that the Court must impose and whatever discretionary conditions the Court may impose -- and, of course, that would be affected by your status here in this country and possibly deportation, but if for any reason you were not deported immediately, you would be subject to that term of three years of supervised release. The Court also, if I elected to impose a fine, would determine what that fine -- or the amount of that fine; and, of course, the Court would impose the $100 mandatory special assessment that is indeed mandatory and must be imposed.
>
> So are those the terms that you understand are part of your 11(c)(1)(C) that you and the government are proposing to the Court?

9

>THE DEFENDANT: Yes.
>
>THE COURT: Do you have any questions about those terms or any question about how the 11(c)(1)(C) works?
>
>THE DEFENDANT: No.

*Id.* at PageID 137-39.

Again at the time of sentencing Judge Rose reflected that there was an agreement that a twenty-four month imprisonment sentence would be an appropriate disposition (Transcript, ECF No. 35, PageID 155). He adopted the PSR and found the appropriate guideline range was thirty-seven to forty-six months imprisonment. *Id.* at PageID 158. The Government recommended that Judge Rose impose the sentence agreed on in the Plea Agrement which represented a 30 to 35% reduction below the bottom of the guideline range. *Id.* at PageID 159-60. Judge Rose expressly found that the agreed sentence would satisfy the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1) through (7). *Id.* at PageID 165.

The PSR calculated the Sentencing Guideline range in this case as thirty-seven to forty-six months (¶ 59). Thus by virtue of the Plea Agreement, Jimenez received a sentence more than a year less than the minimum recommended sentence under the Guidelines.

A district court's sentence must be upheld unless it is procedurally or substantively unreasonable. *United States v. Collington,* 461 F.3d 805, 808 (6th Cir. 2006); *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006). Reasonableness is an appellate standard of review. *United States v. Wilms*, 495 F.3d 277, 280-82 (6th Cir. 2007); *United States v. Foreman,* 436 F.3d 638, 644 n. 1 (6th Cir. 2007). It can be substantively unreasonable if the district court (1) selects the sentence arbitrarily, (2) bases the sentence on impermissible factors, or (3) gives an unreasonable amount of weight to a pertinent factor. *Collington*, 461 F.3d at 808. Sentences

within the Guidelines range are presumptively reasonable; sentences outside the range are neither presumptively reasonable nor presumptively unreasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *United States v. Foreman,* 436 F.3d 638, 644 (6th Cir. 2006).

*United States v. Booker*, 543 U.S. 220 (2005), requires appellate courts to review sentences for abuses of discretion in the form of substantively unreasonable sentences. *United States v. Davis*, 458 F.3d 491 (6th Cir. 2006).

> In reviewing sentences for substantive reasonableness, we do not start from scratch, filling each sentencing vacuum with our own impressions of what makes intuitive sense on a given day. Because the question at hand is whether the sentence is reasonable in light of the § 3553(a) factors, because one of those factors requires consideration of the guidelines sentencing range, § 3553(a)(4), and because the guidelines ultimately purport to account for most, if not all, of the § 3553(a) factors, compare 28 U.S.C. § 991(b)(1)(B) with 18 U.S.C. § 3553(a)(6); compare 28 U.S.C. § 991(b)(1)(B) with 18 U.S.C. § 3553(a), our review starts with the sentencing estimate provided by the Sentencing Commission for certain types of crimes and certain types of criminals. When the district court issues a within-guidelines sentence--when the independent views of the sentencing judge and the Sentencing Commission align--we apply a presumption of reasonableness to the sentence. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). And like [sic] every court of appeals to consider the question, we take the view that when the district court independently chooses to deviate from the advisory guidelines range (whether above or below it), we apply a form of proportionality review: "the farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification based on factors in section 3553(a)" must be.

*United States v. Davis,* 458 F.3d 491, 496 (6th Cir. 2006)*, citing United States v. Dean,* 414 F.3d 725, 729 (7th Cir. 2005); *see also United States v. Martin*, 455 F.3d 1227 (11th Cir. 2006); *United States v. Smith*, 445 F.3d 1, 4 (1st Cir. 2006); *United States v. Moreland*, 437 F.3d 424, 434 (4th

Cir. 2006); *United States v. Duhon*, 440 F.3d 711, 715 (5th Cir. 2006); *United States v. Lazenby*, 439 F.3d 928, 932 (8th Cir. 2006); *United States v. Cage*, 451 F.3d 585, 594 (10th Cir. 2006).

The agreed sentence here that is more than a year below the minimum of the calculated sentencing range is not substantively unreasonable. Jimenez's claim that the sentence to which he agreed is substantively unreasonable is completely conclusory: he offers no argument whatsoever about how that could be. Jimenez's Second Ground for Relief should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 20, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).